**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **MARIA TABARES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 05 10711RWZ** |
| | ) | |
| **CITIZENS BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant Citizens Bank of Massachusetts, misnamed by Plaintiff as Citizens Bank ("Citizens Bank"), by way of its answer to Plaintiff Maria Tabares' Class Action Complaint ("the Complaint") states as follows.  While the Complaint names "Citizens Bank" as the Defendant in this case, the allegations are directed at Citizens Bank of Massachusetts, and the answer is made on its behalf.  To the extent the Complaint is directed at another entity that could be or is called "Citizens Banks," this answer is made on behalf of that entity.

### Introduction

1.     The allegations in Paragraph 1 are introductory and summary in nature and require no response.  To the extent that a response is required, Citizens Bank denies the allegations in Paragraph 1.

### Jurisdiction and Venue

2.     The allegations in Paragraph 2 are conclusions of law to which no response is required.  To the extent that a response is required, Citizens Bank denies the allegations in Paragraph 2.

3.      Citizens Bank admits that it does business in Massachusetts and, on information and belief, that the event complained of occurred in Massachusetts.  Citizens Bank denies the remaining allegations in Paragraph 3.

<u>Parties</u>

4.      Citizens Bank lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 4.  Citizens Bank, upon information and belief, admits the allegations contained in the second sentence of Paragraph 4.

5.      Citizens Bank denies the allegations contained in the first sentence of Paragraph 5.  Citizens Banks admits the allegations contained in the second sentence of Paragraph 5.

6.      Citizens Bank admits the allegations in Paragraph 6.

<u>Facts</u>

7.      Citizens Bank admits that Exhibit A was attached to the Complaint, but lacks sufficient information based on its current investigation to form a belief as to the truth of the remaining allegations in Paragraph 7.  To the extent that a further response is required, Citizens Bank denies the remaining allegations in Paragraph 7.

8.      The allegation contained in the first sentence of Paragraph 8 state a conclusion of law to which no response is required.  To the extent that a response is required, Citizens Bank denies the allegation contained in the first sentence of Paragraph 8.  Further answering, Citizens Bank states that the Electronic Fund Transfer Act, 15 U.S.C. §1693 *et seq.* ("EFTA") speaks for itself and denies the allegations in the second sentence of Paragraph 8 to the extent that they are inconsistent with that statute.

9.      Citizens Bank states that the allegations in Paragraph 9 are vague and ambiguous to the extent that they state that a fee was "charged" "by the ATM" and so denies the allegations in Paragraph 9.

Violation Alleged

10.     Citizens Bank admits that it did not notify the general public with the specific statement they "will be required to pay a fee each time they use an ATM maintained by Citizens Bank unless they use a Citizens Bank debit or ATM card."  The remaining allegations in Paragraph 10 are denied.

11.     Citizens Bank states that the EFTA speaks for itself and denies the allegations in Paragraph 11 to the extent that they are inconsistent with that statute.

12.     Citizens Bank states that Regulation E, 12 C.F.R. § 205.16, speaks for itself and denies the allegations in Paragraph 12 to the extent that they are inconsistent with that regulation.

13.     Citizens Bank denies the allegation contained in the first sentence of Paragraph 13.  Citizens Bank admits that the notice states that a user "may" be charged a $1.50 fee but denies the remaining allegations contained in the second sentence of Paragraph 13.

14.     The allegations in Paragraph 14 state a conclusion of law to which no response is required.  To the extent that a response is required, Citizens Bank denies the allegations in Paragraph 14.

15.     Citizens Bank states that the EFTA speaks for itself and denies the allegations in Paragraph 15 to the extent that they are inconsistent with that statute.

<u>Class Allegations</u>

16.    The allegations in Paragraph 16 are introductory in nature and thus require no response.  To the extent that a response is required, Citizens Bank denies the allegations in Paragraph 16 and specifically denies that any class should be certified in this case.

17.    Citizens Bank denies the allegations in Paragraph 17 and specifically denies that any class should be certified in this case.

18.    Citizens Bank denies the allegations in Paragraph 18 and specifically denies that any class should be certified in this case.

19    Citizens Bank denies the allegations in Paragraph 19 and specifically denies that any class should be certified in this case.

20.    Citizens Bank denies the allegations in Paragraph 20 and specifically denies that any class should be certified in this case.

21.    Citizens Bank denies the allegations in Paragraph 21 and specifically denies that any class should be certified in this case.

In response to the unnumbered paragraph constituting the prayer for relief, Citizens Bank denies that Plaintiff or the putative class are entitled to any relief whatsoever in this Court.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff lacks standing to bring some or all of the claims in this case.

### Third Affirmative Defense

Upon information and belief, the Complaint is barred in whole or in part by the doctrines of waiver, estoppel, consent, and ratification.

### Fourth Affirmative Defense

Upon information and belief, Plaintiff and putative class have failed to take reasonable steps to protect themselves from the damage alleged in the Complaint and have failed to mitigate any such alleged damage.

### Fifth Affirmative Defense

Plaintiff's claims and the claims of the putative class members are barred because Citizens Bank acted in good faith in conformity with EFTA and Regulation E.

### Sixth Affirmative Defense

Plaintiff's claims and the claims of the putative class members are barred because Citizens Bank maintained reasonable procedures and any violation of the EFTA and Regulation E was not intentional.

### Seventh Affirmative Defense

Plaintiff's claims on behalf of a putative class of persons who used ATM machines in Rhode Island are barred because Plaintiff lacks standing to raise any such claims.

### Eighth Affirmative Defense

Citizens Bank reserves the defense of preemption, in whole or in part, of Plaintiff's or the putative class's claims.

### Ninth Affirmative Defense

To the extent that Plaintiff asserts claims with respect to ATM machines outside Massachusetts or pursuant to laws of any state other than Massachusetts, those claims are barred because Plaintiff lacks standing to raise them.

### Tenth Affirmative Defense

To the extent that Plaintiff's Complaint attempts or may in the future attempt to raise a claim under M.G.L. ch. 93, either individually or on behalf of the putative class, those claims are barred because Plaintiff failed to comply with the requirements of § 9 of M.G.L. ch. 93.

### Eleventh Affirmative Defense

Any injury to the Plaintiff, and/or putative class members, is a result of her own conduct, the conduct of her agent(s), and/or the conduct of third parties, and not the responsibility of the Defendant.

### Twelfth Affirmative Defense

Upon information and belief, claims of some putative class members may be barred by the doctrines of accord and satisfaction, estoppel, *res judicata,* and/or release.

### Thirteenth Affirmative Defense

Plaintiff and/or putative class members have consented to, approved of and/or ratified the conduct which forms the basis for their claims.

### Fourteenth Affirmative Defense

This case is not appropriate for certification as a class action, and all class allegations and class claims should be stricken or dismissed.

### Fifteenth Affirmative Defense

Defendant gives notice that it reserves and will rely upon all defenses it may have as to any of the absent members of the putative class if a class is certified, and it further reserves the right to assert counterclaims against such person to the extent required in order to preserve its rights.

### Sixteenth Affirmative Defense

Defendant is entitled to all defenses permitted under the governing statutes, including all exemptions and exceptions to liability contained in the EFTA and Regulation E.

### Seventeenth Affirmative Defense

Defendant hereby gives notice that it intends to and will rely upon such other and further defenses as may become apparent during the course of this action.

WHEREFORE, having fully answered Citizens Bank respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims and dismiss this Complaint with prejudice, and that Citizens Bank be awarded its costs, including a reasonable attorney's fee, and such other relief and awards to which it may be entitled, or is determined just and appropriate by this Court.

Respectfully submitted,

CITIZENS BANK OF MASSACHUSETTS,
Erroneously sued as CITIZENS BANK

By its attorneys,


_____/s/ Thomas M. Hefferon_____ '
Thomas M. Hefferon
GOODWIN PROCTER LLP
901 New York Avenue, Suite 900
Washington, DC  20001