IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA TABARES,        )<br>                              )<br>          Plaintiff,        )<br>                              )<br>     v.                     )<br>                              )<br> CITIZENS BANK,        )<br>                              )<br>          Defendant.     ) | CASE NO. 05 10711RWZ<br>Judge Zobel |

## OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant Citizens Bank of Massachusetts, erroneously sued as Citizens Bank, ("Citizens") hereby opposes the "Motion For Leave To File Amended Complaint" (the "Motion") filed by Plaintiff Maria Tabares.  The Motion should be denied because it is untimely, there is no good cause for its untimeliness, it misleads the Court in its request for amendment, and amendment would be futile because Plaintiff's demand letter is deficient.

In further support of its opposition Citizens states as follows:

### Introduction

1.     This is a putative class action.  The original Complaint was filed in this case on April 11, 2005.

2.     On April 15, 2005, Plaintiff sent a letter that allegedly informed Citizens of her intention to bring a claim under Massachusetts's consumer protection law, Mass. G. L. ch. 93A ("Chapter 93A").  The letter, however, does not specify the substance of the purported Chapter 93A claim.  See Ex. 1, April 15, 2005 letter ("April 15 letter").  Instead it simply encloses the Complaint that had already been filed, and states that "the same matters complained of also violate Mass. G.L. ch. 93A."  Id.

3. Citizens answered and denied liability on May 17, 2005.

4. On June 17, 2005, the parties submitted a joint discovery plan to the Court proposing, among other deadlines, a deadline to amend the pleadings of July 14, 2005. That deadline was in advance of a discovery and motion practice which will determine whether the case will proceed as a class action. At the status hearing, Plaintiff requested an additional month to amend the pleadings, and the Court allowed that request.

5. Under this Court's schedule, August 15, 2005 was the deadline to amend pleadings. Without any explanation for her delay, Plaintiff waited until August 29, 2005 to file the Motion.

**Argument**

6. The Motion should be denied as untimely, without a showing of "good cause."

7. There is no doubt the requested amendment is two weeks late, itself reason enough to deny the Motion. Moreover, when a scheduling order is in place, and a deadline is missed, a showing of good cause is required before extension of the deadline is permitted. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). While, Plaintiff urges that "leave to amend 'shall be freely given when justice so requires'," Motion ¶ 4 (citations omitted), this liberal rule is replaced by the more demanding good cause standard when a party misses a deadline set by the Court. Id.

8. Here, Plaintiff does not seek an extension of the deadline set by the Court and offers absolutely no explanation for her failure to comply with the scheduling order. See generally Motion. These failures justify denial of Plaintiff's Motion. See Ruiz-Rivera v. IRS, 2004 WL 626736 *1, *2 (1st Cir. 2004) (denying motion to amend complaint because no "good cause" shown when party failed to present any arguments concerning missed deadline); Gwyn v.

2

Loon Mountain Corp., 350 F.3d 212, 218 (1st Cir. 2003) (upholding denial of motion to amend "for failure to make any effort to satisfy the good cause requirement for amendments after the scheduling order deadline").

9. <u>Plaintiff could not establish good cause even if she had tried to do so.</u> The good cause standard requires a showing that the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 153 & 155 (1st Cir. 2004) ("litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can cavalierly be disregarded without peril"). The proposed amendment here purports to add a new Chapter 93A count, and is a cause of action Plaintiff had identified as early as April 15 (when she sent her demand letter) – four and one-half months before the Motion. Obviously, Plaintiff could have complied with the Court's deadline had she cared to.

10. Notably, it appears that Plaintiff may not even be aware of the tardiness of her Motion; she makes no mention of the deadline whatsoever and does not seek an extension. There is simply no excuse for Plaintiff's delay,[1] and the Motion should be denied.

11. <u>The Motion should be denied because Plaintiff has misled the Court.</u> While Plaintiff's Motion states that she seeks to amend her Complaint only to "further allege that defendant violated Mass. G.L., ch. 93A," (Motion ¶ 2) the Amended Complaint changes her original theory of liability – which is predicated as an alleged violation of the Electronic Funds Transfer Act. 15 U.S.C. § 1693, *et seq.* ("EFTA") – in addition to adding the claim under Chapter 93A.

---

[1] Attorney error does not rise to the requisite level of good cause. See O'Connell, 357 F.3d at 155; Rosario-Diaz v. Ortiz, 140 F.3d 312, 315 (1st Cir. 1998).

3

12. In particular, Plaintiff's original Complaint alleged that the fee notice Citizens provides on its ATMs does not comply with the EFTA, for two reasons – because the notice informs customers that they "may" be charged a fee when they "will" be charged one and because the notice is in an inconspicuous location. Complaint ¶¶ 10 & 13. The proposed Amended Complaint changes these theories. Instead, the Proposed Amended Complaint alleges that Citizens' ATM fee notice does not comply with the EFTA because it is "inconspicuous and unclear" and does not inform customers that they will be charged fees "with certain exceptions" (undefined by the pleading itself). Amended Complaint ¶¶ 11 & 14. Plaintiff did not even tell the Court why she proposes to change her EFTA theories in this fashion.

13. It is manifest that Plaintiff should not be granted relief when she has hidden from the Court the facts about what she is trying to do, and why it is justified.

14. <u>The Motion should be denied because it is futile in seeking to add a Chapter 93A claim.</u> When a claimant seeks to raise a claim in an amended complaint that is futile, the Court can deny such amendment. <u>Carlo</u> v. <u>Reed Rolled Thread Die Co.</u>, 49 F.3d 790, 792 (1st Cir. 1995). In this case, Plaintiff's 93A claim is futile because her demand letter did not meet the prerequisites of the statute and the proposed changes to her original Complaint, if permitted, were never the subject of a Chapter 93A demand.[2]

15. The notice requirements of Chapter 93A were not met in the first instance, for two reasons.

(a) First, Plaintiff's demand letter was not timely. A Chapter 93A demand must be sent at least thirty days prior to filing suit. Mass. G. L., ch. 93A §9(3); <u>Wall</u> v. <u>Altenhof</u>, Mass. App. Ct. 1117, 2003 WL 1857630 *1, *3 (Mass. App. Ct. 2003)

---

[2] Citizens reserves all of its defenses to the claim, if the Court permits it to be added.

4

(upholding grant of summary judgment when Chapter 93A demand letter was not timely sent at least thirty days prior to filing suit).  Plaintiff filed suit on April 11, 2005 and sent her demand letter on April 15, 2005.

      (b)      Second, Plaintiff's April 15 letter was improper in any event for it does not adequately describe the alleged violation of Chapter 93A.  The statute "requires claimants to set out specifically any activities in their demand letter as to which they seek relief."  Clegg v. Butler, 424 Mass. 413, 420 (1997).  In the April 15 letter, Plaintiff simply refers to the Complaint and does not identify in her letter any activities whatsoever that she perceives to be violations of Chapter 93A.

In short, Plaintiff has made a mockery of Chapter 93A, sending a post-filing letter that simply refers Citizens back to the Complaint.[3]

    16.    Further, even if the Chapter 93A letter had been sufficient to address the original EFTA claims, Plaintiff's proposed changes to her EFTA claims completely undermine her assertion that she sent "an appropriate demand for relief on April 15, 2005."  Amended Complaint ¶ 25.  Essential prerequisites to a Chapter 93A letter are that "the complainant define the injury suffered and the relief demanded in a manner that provides the prospective defendant with an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied."  Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 288 (1985).  Since Plaintiff's April 15 letter simply refers to the original Complaint as the "notice" required under Chapter 93A, and the proposed "new and improved" EFTA claims set forth in the Amended Complaint are different from those presented in the original Complaint, the April 15 letter

---

[3] It is perhaps not surprising that counsel sending the April 15 letter, who is from out of state, chose to ignore the statute, but the notice rules should be given some meaning more than that of a bothersome formality that can be complied with both late and non-substantively.

5

provides no notice of the claims Plaintiff now wants to pursue.  Id.  Because Plaintiff did not give Citizens an appropriate demand letter under Chapter 93A, she should not be permitted to raise those Chapter 93A claims.

## Conclusion

For all of the foregoing reasons, Plaintiff's Motion should be denied.

CITIZENS BANK OF MASSACHUSETTS,<br>
Erroneously sued as CITIZENS BANK<br>
By its attorneys,<br>
<br>
<br>
____/s/ Thomas M. Hefferon_____<br>
Thomas M. Hefferon (BBO # 548289)<br>
GOODWIN PROCTER LLP<br>
901 New York Avenue, Suite 900<br>
Washington, DC  20001

**EXHIBIT 1**

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603-3403
(312) 739-4200
(800) 644-4673
(312) 419-0379 (FAX)
Email: edcombs@aol.com
www.edcombs.com

April 15, 2005

CERTIFIED MAIL

Citizens Bank
One Citizens Plaza
Providence, Rhode Island 02903

RECEIVED
APR 1 9 2005
RHODE ISLAND
LAW DEPARTMENT

Re: claim of Maria Tabares

Ladies/ Gentlemen:

Enclosed is a complaint filed recently.

Ms. Tabares contends that the same matters complained of also violate Mass. G.L., ch. 93A, and hereby gives notice as required by that statute.

Ms. Tabares contends that a reasonable resolution of the 93A claim would be payment of $20 per class member.

". . . Any person receiving such a demand for relief who, within thirty days of the mailing or delivery of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning its rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner. In all other cases, if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim. In addition, the court shall award such other equitable relief, including an injunction,

1

04/19/2005   13:25   CITIZENS LEGAL → 916175231231                        NO.148   003

as it deems to be necessary and proper. The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim, or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth, but such respondent may otherwise employ the provisions of this section by making a written offer of relief and paying the rejected tender into court as soon as practicable after receiving notice of an action commenced under this section. . . ."

Sincerely,

Daniel A. Edelman

cc:   Christopher M. Lefebvre
      LAW OFFICES OF CLAUDE LEFEBVRE & SONS
      Two Dexter Street
      Pawtucket, RI  02860

      client

i:\case\citizens\4.322\pleading\93ademand